IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.:  5:19CR00720 |
| | ) | |
| Plaintiff | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| VERGEOUS GOULD | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| Defendant | ) | |

Defendant Vergeous Gould ("Gould" or "Defendant"), through undersigned counsel, provides the attached memorandum for this Court's consideration in advance of the March 2, 2021 sentencing hearing in this case.

Respectfully submitted,

/s/ Fernando O. Mack
FERNANDO O. MACK (0062937)
1220 West 6th Street, Suite 203
Cleveland, Ohio 44113
(216) 556-9610
(855) 320-8107 Fax
email:  losmacks@msn.com
*Attorney for Defendant*

**SENTENCING MEMORANDUM**

**I.     STATEMENT OF THE CASE**

On November 19, 2019, Gould was named in a three-count indictment, which alleged the commission of the following offenses:

> Count 1:    Distribution of a Controlled Substance Resulting in Death (21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C));
>
> Count 2:    Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843(b), 21 U.S.C. § 843(d)(1)); and
>
> Count 3:    Possession with Intent to Distribute a Controlled Substance (21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C)).

Gould entered a plea of guilty to the indictment on November 2, 2020. The matter was referred for a presentence investigation report and a sentencing hearing was scheduled for March 2, 2021.

**II.    LAW AND ARGUMENT**

   **A.    Guideline Calculation**

*Offense Level*. Pursuant to the parties' plea agreement, Gould's base offense level is thirty-eight (38). After a three-level reduction for his acceptance of responsibility, Gould's total offense level is thirty-five (35).

*Criminal History*. Gould's criminal history subtotal as calculated by the probation department is four (4), which places him in criminal history category III.

*Guideline Range*. Pursuant to the guideline provisions, for the above totals Gould's guideline range of imprisonment would be 210–262 months. However, the parties have agreed that the appropriate sanction in this case is a term of incarceration of **168 months**.

### B. Statutory Factors as Applied to Gould

Courts should consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1. The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

Gould has pled guilty to all three counts of the indictment in this case.  He acknowledges the wrongfulness of his conduct and understands the detrimental effect of his actions not just on the victim, but on Gould's family, the community, and himself.

**(b) History and Characteristics of Defendant**

Gould was born in Cleveland in April of 1986.  He and his two sisters were initially raised by their parents.  The family resided in a high-crime neighborhood; Gould regularly witnessed drug activity and violence in the area.  While there was no physical violence in the family home, Gould's father was verbally abusive.  And when his father developed problems with substance abuse, the result was further dysfunction in the family.

When Gould was 12 years old his parents separated, and he moved in with his father.  Over the two years that followed, Gould saw his father's drug problem worsen.  It eventually got so bad that Gould moved in with a relative.  It was during this time in his life that things started to go badly for Gould.  After often experiencing difficulty in school, he dropped out in the 7th grade.

At age 15, Gould began what would be a long and unfortunate journey through substance abuse.  It started with his father giving him occasional shots of whisky.  He increased his alcohol

use, and began drinking socially on the weekends. When he was 17, he started using marijuana; his use increased to several ounces per week, which continued until his arrest for this case. After he turned 18, Gould tried ecstasy, but did not continue using it after the initial try. Several years later, Gould began using heroin. He became severely addicted, and after a period of time he was spending all of his money on the drug. He quit working and started selling heroin in order to support the habit.

Recognizing that his addiction was getting out of control, Gould started attending 12-step meetings with a friend. It seemed to work, and he was able to remain sober for three years. Unfortunately, when his father died (a drug-related death), Gould relapsed. He recognizes how difficult it can be to maintain sobriety, and he is willing to engage with any available substance abuse treatment or programming.

Gould has never been married. He has three children from three relationships; they range in age from 10 to 14 years old. Gould has been in a relationship with the mother of one of his children for 14 years.

> **2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives:**
>
> **(a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

In this case, the parties' agreed sentence would accomplish the above statutory objectives. Gould has pled guilty in this case; he has accepted full responsibility for his actions and is

genuinely remorseful about his choice to engage in such negative conduct, and the fact that someone died as a result.

### 3. The Kinds of Sentences Available

In *Booker*, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756. This renders the sentencing guidelines advisory. *Id.* Based on the circumstances of this case and Gould's acceptance of responsibility, imposition of the agreed sentence would be sufficient to serve the statutory directives.

### 4. The Sentencing Range Established by the Sentencing Commission

In light of Gould's genuine remorse and acceptance of responsibility by way of his plea of guilty to the indictment, the agreed sentence would be sufficient, but not greater than necessary, to comply with statutory directives.

### 5. The Need to Avoid Unwarranted Disparities

In this case, a sentence in excess of that agreed to by the parties would create a disparity between Gould and similarly-situated defendants, and would be greater than necessary to comply with the sentencing guidelines.

### 6. The Need to Provide Restitution to any Victims of the Offense

Restitution is not an issue in this case.

## CONCLUSION

Gould respectfully moves this Honorable Court to impose the agreed term of incarceration.  Doing so will promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid an unwarranted sentencing disparity.

/s/ Fernando O. Mack
FERNANDO O. MACK
Attorney for Defendant

## CERTIFICATE OF SERVICE

A copy of this *Sentencing Memorandum* was filed with the Court via its Electronic Filing System; notice of the filing will be transmitted to all parties by operation of the system.

/s/ Fernando O. Mack
FERNANDO O. MACK
